UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS – EASTERN DIVISION

|  |  |
|---|---|
| CAITLIN MITCHELL | ) |
|  | ) |
|    Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) |
| BETH ISREAL DEACONESS MEDICAL CENTER, INC. | ) |
| PETER HEALY and WILLIAM A. JOHNSON | ) |
|    Defendants | ) |

## COMPLAINT

### Parties

1. Plaintiff, Caitlin Mitchell ("Ms. Mitchell"), is an individual who resides at 134 Summer Street, Sommerville, Massachusetts.

2. Defendant, Beth Israel Deaconess Medical Center, Inc. ("Beth Israel") is a Massachusetts Nonprofit Corporation with a principal office at 330 Brookline Avenue, Boston, Massachusetts. Beth Israel operates a hospital.

3. Defendant, Peter Healy ("Mr. Healy"), was at all relevant times, the President of Beth Israel.

4. Defendant, William Johnson ("Mr. Johnson"), was at all relevant time, the Treasurer of Beth Israel.

### Jurisdiction and Venue

5. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because plaintiff's claims include claims under the laws of the United States – the Fair Labor Standards Act.

6. Venue is proper because defendant, Beth Israel, has a principal office in Boston, Massachusetts.

## Facts

7. Ms. Mitchell was employed by Beth Israel from approximately September 26, 2016 to approximately July 19, 2019.

8. Beth Israel operates a hospital as that term is used in 29 U.S.C. §203(s)(1)(B).

9. From the time she was hired in or about September of 2016 until on or about October of 2017, Ms. Mitchell's job title was Research Assistant I.

10. In or about October of 2017, Ms. Mitchell was promoted to the position, Research Assistant II.

11. Both her initial position as Research Assistant I, and her subsequent position as Research Assistant II were advertised and listed by Beth Israel as "**FLSA Status**: Nonexempt."

12. Neither Ms. Mitchell's initial position as a Research Assistant I, nor her subsequent position as Research Assistant II qualify as exempt under the Federal Fair Labor Standards Act.

13. At all times, Ms. Mitchell worked in a laboratory whose principal researcher was Pier Paolo Pandolfi, Ph.D. (the "Pandolfi Lab"). The Pandolfi Lab was located within, and operated as part of, Beth Israel.

14. During the entire or majority of the time that Ms. Mitchell was employed by Beth Israel, she regularly worked as a research assistant in the lab approximately 45 to 50 hours per week.

15. However, when Ms. Mitchell turned in a time sheets accurately listing that she had worked more than forty hours per week, lab administrators changed her time sheet to only reflect forty hours. In particular, Lab Supervisor, Letizia Longo, Ph.D. and Administrator Coordinator, Elizabeth Stack, each instructed Ms. Mitchell that she was not permitted to submit time for more than forty hours per week even though she worked for more than forty hours per week.

16. As a result, despite the fact that Ms. Mitchell routinely worked more than forty hours each week, Beth Israel did not compensate Ms. Mitchell for any of the hours she worked in excess of forty hours per week.

17. The supervisors in the Pandolfi Lab, including Dr. Pandolfi and Dr. Longo both observed that Ms. Mitchell was present in the Pandolfi Lab more than forty hours per week. In fact, Letizia Longo specifically acknowledged in an email on July 25, 2018 that "**we know [Ms. Mitchell and Alison Guzzetti] are working extra hours**." (emphasis added).

18. Beth Israel's legal department had knowledge that non-exempt employees of the Pandolfi lab, including Ms. Mitchell, regularly worked more than forty hours per week and were not permitted to submit, or compensated for, the overtime hours they worked. In particular, around June, 2019, Attorney Kori Anderson-Deasy, who at all relevant times served as in-house counsel for Beth Israel, commenced an investigation into the Pandolfi Lab. As part of the investigation, Attorney Anderson-Deasy interviewed Ms. Mitchell who, among other things, informed her of the above-described overtime issues. In response, Attorney Anderson-Deasy

was apologetic and instructed Ms. Mitchell to estimate the number of hours she had worked, promising her that Beth Israel would compensate her for this unpaid time.

19. Per Attorney Anderson-Deasy's instruction, Ms. Mitchell informed her of the overtime she had worked. Attorney Anderson-Deasy and/or Beth Israel then ignored repeated requests by Ms. Mitchell regarding the status of payment.

20. Despite having explicit notice, Beth Israel willfully refused to pay Ms. Mitchell and other research assistants the wages, including overtime wages, that they earned.

## COUNT ONE
### (Violation of the FLSA against Beth Israel)

21. Plaintiff repeats the allegations set forth above.

22. Beth Israel, as a hospital, qualifies as an employer subject to the Fair Labor Standards Act.

23. From September 26, 2016 through July 19, 2019 Ms. Mitchell was employed by Beth Israel.

24. During the entire or majority of the time that Ms. Mitchell was employed by Beth Israel, she regularly worked as a research assistant in the lab approximately 45 to 50 hours per week.

25. At all relevant times, Beth Israel was fully aware that Ms. Mitchell was working between 45 and 50 hours.

26. Despite knowing that Ms. Mitchell and other research assistants in the Pandolfi Lab were working more than forty hours per week, Beth Israel willfully refused to comply with Federal law by paying Ms. Mitchell at all for the overtime hours she worked.

27. Beth Israel's failure to pay Ms. Mitchell for the hours she worked over forty hours each work weak violated 29 U.S.C.A. §207(a)(1).

28. As a result of Beth Israel's failure to pay Ms. Mitchell the full wages owed to her, she has suffered damages in an amount to be determined, including without limitation unpaid wages at time and one-half (trebled), interest, litigation costs and reasonable attorneys' fees.

Wherefore, Ms. Mitchell demands the relief set forth below.

## COUNT TWO
### (Violation of M.G.L. c.149, §148 against Beth Israel)

29. Plaintiff repeats the allegations set forth above.

30. Beth Israel's failure to pay Ms. Mitchell for the hours she worked over forty hours each work week is a violation of M.G.L. c.149, §148.

31. Beth Israel's failure to pay Ms. Mitchell in compliance with the overtime provisions of the FLSA violated M.G.L. c.149, §148.

32. As a result of Beth Israel's violation of M.G.L. c.149, §148, Ms. Mitchell has suffered damages in an amount to be determined, including without limitation unpaid wages at time and one-half (trebled), interest, litigation costs and reasonable attorneys' fees.

Wherefore, Ms. Mitchell demands the relief set forth below.

## COUNT THREE
### (Liability for Beth Israel's violation of M.G.L. c.149, §148 against Healy and Johnson)

33. Plaintiff repeats the allegations set forth above.

34. At all relevant times, Peter Healy was President of Beth Israel and William A. Johnson was Treasurer of Beth Israel.

35. As President and Treasurer of Beth Israel, Mr. Healy and Mr. Johnson are deemed by M.G.L. c.149, §148 to be employers of Ms. Mitchell.

36. Mr. Healy and Mr. Johnson are personally liable for Beth Israel's failure to pay Ms. Mitchell her full wages, trebled, with interest, costs and attorneys' fees.

Wherefore, Ms. Mitchell demands the relief set forth below.

## COUNT FOUR
### (Violation of M.G.L. c.151, §1 against Beth Israel)

37. Plaintiff repeats the allegations set forth above.

38. By failing to pay Ms. Mitchell anything for the hours she worked over forty hours each work week, Beth Israel violated M.G.L. c.151, §1 by failing to pay Ms. Mitchell minimum wage for those hours.

Wherefore, Ms. Mitchell demands the relief set forth below.

## COUNT FIVE
### (Breach of contract against Beth Israel)

39. Plaintiff repeats the allegations set forth above.

40. Ms. Mitchell provided services to Beth Israel by working as a research assistant in the Pandolfi Lab.

41. As set forth above, Beth Israel failed to pay Ms. Mitchell for some of the time she worked for Beth Israel.

42. That constitutes a breach of contract. Ms. Mitchell was harmed by Beth Israel's failure to pay her, resulting in monetary damages to Ms. Mitchell.

Wherefore, Ms. Mitchell demands the relief set forth below.

**WHEREFORE,** Plaintiff, Caitlin Mitchell, respectfully requests the following relief:

1. **Entry of judgment in her favor and against Beth Israel Deaconess Medical Center, Inc. in the amount of all wages due, trebled, plus interest, costs and reasonable attorneys' fees;**

2. **Entry of judgment in her favor and against Peter Healy in the amount of all wages due, trebled, plus interest, costs and reasonable attorneys' fees;**

3. **Entry of judgment in her favor and against William A. Johnson in the amount of all wages due, trebled, plus interest, costs and reasonable attorneys' fees; and**

4. **Entry of such other relief as this Court deems just.**

Plaintiff demands a jury trial on all issues so triable

Respectfully submitted,
Caitlin Mitchell
by her attorneys,

/s/ Thomas W. Evans
Thomas W. Evans, BBO#552820
evans@confortolaw.com
CONFORTO LAW GROUP, P.C.
20 Park Plaza, Suite 1115
Boston, MA 02116
Telephone: (617) 721-9139